Andrew M. Wagley, ISB #10277
Samir Dizdarevic-Miller, ISB #11471
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Avenue, Suite 210
Spokane, WA 99201
Phone:  509-747-9100
Fax:       509-623-1439
Email:  awagley@ettermcmahon.com
Email:  samir@ettermcmahon.com
*Attorneys for Plaintiff Cody J. Schueler*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO (NORTHERN DIVISION)

| | |
|---|---|
| CODY J. SCHUELER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOUR SQUAREBIZ, LLC, a Wyoming limited liability company, KEITH O. CREWS, an individual and the associated marital community, MICAH EIGLER, an individual and the associated marital community, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-00389-DCN<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT— DEFENDANT KEITH O. CREWS** |

COMES NOW, Plaintiff CODY J. SCHUELER, by and through his

attorneys of record, Andrew M. Wagley and Samir Dizdarevic-Miller of Etter,

McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby respectfully

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

submits the following Memorandum in Support of Plaintiff's Motion for Default against Defendant Keith O. Crews, individually and the marital community comprised thereof (hereinafter "Defendant Crews").

## BACKGROUND

This is a commercial lawsuit stemming from the breach of three Bitcoin Loan Agreements executed by Defendants Four SquareBiz, LLC, Keith Crews, and Micah Eigler, along with accompanying Personal Guarantees. (*See* ECF No. 1.) Plaintiff Cody J. Schueler initiated this lawsuit via a Complaint filed on September 12, 2022. (*See id*.) Defendant Crews was personally served on September 15, 2022. (*See* ECF No. 8.) The Agreements that form the crux of this lawsuit expressly provide:

> 6. Governing Law. This Agreement is governed by the laws of the State of Idaho, and any questions arising hereunder shall be construed or determined in accordance with such law. The venue for any lawsuit filed by either party related to the terms of this agreement shall be located exclusively in the federal courts of the state of Idaho, U.S.A.

(*See* ECF No. 1 at 23, 41, 53, 64, and 74; ECF No. 1-2 at 4, 22, 34, 45, and 55.)

To date, Defendant Crews has not formally appeared, filed an Answer, or otherwise attempted to defend this litigation. (*See* Decl. of Andrew M. Wagley in Supp. of Mot. for Default ("Wagley Decl.").) On December 2, 2022, counsel

Memorandum in Support of Motion
for Default—Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

for Plaintiff emailed Mr. Crews indicating "we anticipate moving for a default soon if you do not formally appear and participate in this litigation." (Wagley Decl., Ex. B at p. 1.) Plaintiff now moves for default against Defendant Crews.

## **POINTS & AUTHORITIES**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must** enter the party's default." Fed. R. Civ. P. 55(a). The two-step process in Federal Court requires the movant to obtain an order of default prior to seeking a default judgment. *See, e.g.*, *Gargoyle Granite & Marble, Inc. v. Opustone, LLC*, 2021 WL 5999133, at *2 (D. Idaho 2021) ("The process of obtaining a default judgment in federal court involves two steps.") [1]. For policy purposes, "the possibility of being held in default acts as a deterrent to those parties resorting to delay as an element of their litigation strategy." 10A FED. PRAC. & PROC. CIV. § 2681 (Westlaw database updated April 2022). Furthermore, where "the defendant fails to answer the plaintiff's complaint, 'a decision on the merits [is] impractical, if not impossible.'" *Edelbrock LLC v. Genesis Grp. Int'l (USA), Inc.*, 119 F. Supp. 3d 1168, 1176 (C.D. Cal. 2015)

---

[1] Unpublished, out-of-jurisdiction, and secondary sources offered for nonbinding, persuasive purposes only.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

(alterations in original) (quoting *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)).

A defaulting defendant must be properly served prior to entry of a default. *See, e.g., Edelbrock LLC*, 119 F. Supp. 3d at 1173.  Pursuant to Fed. R. Civ. P. 4, "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located" or "delivering a copy of the summons and of the complaint to the individual personally."  Fed. R. Civ. P. 4(e)(1), (2)(A).  In turn, "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located."  Fed. R. Civ. P. 4(k)(1)(A).

Idaho's long arm statute (I.C. § 5-514) provides that a defendant, "whether or not a citizen or resident of this state," subjects himself "to the jurisdiction of the courts of this state" by "[t]he transaction of any business within this state" or "[t]he commission of a tortious act within this state."  I.C. § 5-514(a), (b).  Similarly, pursuant to Idaho law:

> Service of process upon any such person, firm, company, association or corporation who is subject to the jurisdiction of the courts of this state, as provided herein, may be made by personally

Memorandum in Support of Motion
for Default—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

serving the summons upon the defendant outside the state with the same force and effect as though summons had been personally served within this state.

I.C. § 5-515; *accord State of Idaho v. M.A. Hanna Co*., 819 F. Supp. 1464, 1474 (D. Idaho 1993) ("Idaho Code § 5–515 provides that service may be made upon any entity subject to jurisdiction of the courts of the State of Idaho.").

In order to be in default, the Court must also have personal jurisdiction over the defaulting defendant.  *See, e.g., King v. Russell,* 963 F.2d 1301,1305 (9th Cir. 1992).  "In determining whether personal jurisdiction exists over a nonresident defendant, plaintiffs must establish that 1) the long-arm status of the forum confers personal jurisdiction over the nonresident defendant, and 2) that the exercise of jurisdiction conforms with constitutional principles of due process." *M.A. Hanna Co.*, 819 F. Supp. at 1474.  In addition to Idaho's long arm statute (I.C. § 5-514), due process requirements for personal jurisdiction are satisfied based upon forum selection clauses that "have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust.'"  *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985)); *accord Chan v. Soc'y Expeditions, Inc*., 39 F.3d 1398, 1406 (9th Cir. 1994) ("a forum selection clause alone could confer personal jurisdiction").  Here, the parties entered into a forum

selection clause that expressly provides: "The venue for any lawsuit filed by either party related to the terms of this agreement **shall be located exclusively in the federal courts of the state of Idaho, U.S.A.**" (*See, e.g.,* ECF No. 1 at 23.)

Following proper service and personal jurisdiction, default is warranted if the defendant fails to "plead or otherwise defend." Fed. R. Civ. P. 55(a). A defendant fails to "plead or otherwise defend" if the defendant does not respond to the Complaint by the appropriate deadline or show some intent to defend the allegations in Court. *See Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 241 (D. D.C. 2007) ("The defendant . . . failed to respond by the deadline and has not otherwise taken any action indicating an intent to defend itself in this matter."); *accord McMahan v. CCC Express Corp.*, 153 F.R.D. 633, 634 (N.D. Ind. 1994) (informal agreement "for an indefinite extension" of time to respond to lawsuit insufficient).

In the situation at hand, default is appropriate against Defendant Crews. First, Defendant Crews was properly served with the Summons and Complaint on September 15, 2022. (*See* ECF No. 8.) Second, the Court has personal jurisdiction pursuant to the above-referenced forum selection clause. (*See, e.g.,* ECF No. 1 at 23.) Third, Defendant Crews has failed to respond to the lawsuit, despite multiple opportunities and informal extensions of time. (*See* Wagley

Memorandum in Support of Motion
for Default—Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Decl., Ex. B.)  Fourth and finally, Defendant Crews has been provided notice of this Motion for Default, whether or not required by law.

Defendant Crews has stalled this litigation, despite being properly served approximately 105 days ago.  An Order of Default is warranted by law so Plaintiff may subsequently obtain a default judgment.  Fed. R. Civ. P. 55(a).

## **CONCLUSION**

Based upon the foregoing, Plaintiff respectfully requests that the Court grant this Motion for Default.

RESPECTFULLY SUBMITTED this 29th day of December, 2022.

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By:   /s/ Andrew M. Wagley
    Andrew M. Wagley, ISB #10277
    Samir Dizdarevic-Miller, ISB #11471
    *Attorneys for Plaintiff Cody J. Schueler*

Memorandum in Support of Motion
for Default—Page 7

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

1
2

## CERTIFICATE OF SERVICE

3

4       The undersigned certifies, under penalty of perjury of the laws of the

5    United States, that on the date given below, I caused to be served in the manner

6

7    noted copies of the foregoing document upon the following parties:

8    Keith Crews
9    okcrews@yahoo.com                    ☒ U.S. Mail
                                          ☐ Facsimile
10   1503 Scenic Overlook Court           ☒ E-Mail
     Kennesaw, GA 30152                   ☐ Via Hand Delivery
11

12
13   Micah Eigler
     eigler1@gmail.com                    ☒ U.S. Mail
14   6208 Enfield Avenue                  ☐ Facsimile
15   Los Angeles, CA 91316                ☒ E-Mail
     PO Box 9042                          ☐ Via Hand Delivery
16   Calabasas, CA 91372
17

18
19   Four SquareBiz, LLC
     okcrews@4squarebiz.com               ☒ U.S. Mail
20   C/o Registered Agents Inc.           ☐ Facsimile
     30 North Gould Street, Suite R       ☒ E-Mail
21   Sheridan, WY 82801                   ☐ Via Hand Delivery
22

23

24       EXECUTED this 29th day of December, 2022 in Spokane, Washington.

25

26
27              By:/s/ Jodi Dineen
                   Jodi Dineen
28

29

30

31

32

Memorandum in Support of Motion             ETTER, McMAHON, LAMBERSON,
for Default—Page 8                          VAN WERT & ORESKOVICH, P.C.
                                            618 WEST RIVERSIDE AVENUE, SUITE 210
                                            SPOKANE, WASHINGTON 99201   (509) 747-9100