UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CODY J. SCHUELER, an individual, | Case No. 2:22-cv-00389-DCN |
| Plaintiff, | |
| v. | **ORDER** |
| FOUR SQUAREBIZ, LLC, a Wyoming limited liability company, KEITH O. CREWS, an individual and the associated marital community, MICAH EIGLER, an individual and the associated marital community, and JOHN AND JANE DOES 1–10, | |
| Defendants. | |

## I. INTRODUCTION

Before the Court is Plaintiff Cody J. Schueler's Motion to Strike Defendant Micah Eigler's Answer. Dkt. 11. Having reviewed the briefing, the Court finds that the facts and legal arguments are adequately presented, and that oral argument would not significantly aid its decisional process. Thus, the Court will decide the Motion on the briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons below, the Court will GRANT the Motion.

## II. BACKGROUND

Schueler sued more than a dozen defendants. His nineteen–page Complaint alleged six causes of action[1] over the course of sixty-nine numbered paragraphs. *See* Dkt. 1. In

---

[1] Breach of Contract, Breach of Personal Guarantees, Breach of Good Faith and Fair Dealing, Conversion, Fraud, and Civil Conspiracy.

response, Defendant Micah Eigler filed a two-page Answer handwritten on a form designed for the small claims department of an Idaho state court. Dkt. 3.

Eigler's Answer had two parts. First, responding to the form question "do you agree that you owe money to the Plaintiff?," Eigler checked the "no" box. Second, responding to another form question, Eigler wrote why he believed this was so:

> I was merely an introducing party to the other defendant and I guaranteed on behalf of that defendant who was defrauded by another lending institution named Bitrei and Trust Funds Bank. Based on the events that took place and the information that was provided to the Plaintiff prior to the loan being made I am not liable for the amount requested.

Dkt. 3, at 2. The Answer contained no other admissions, denials, or other relevant information. Schueler now moves to strike Eigler's Answer as inadequate under Fed. R. Civ. P 8(b).

## III. ANALYSIS

"In responding to a pleading, a party must . . . admit or deny the allegations asserted against it by an asserting party." Fed. R. Civ. P 8(b)(1)(B). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P 8(b)(2). A party may, in good faith, deny every allegation in a Complaint by filing a general denial. *See* Fed. R. Civ. P 8(b)(3). If it does not intend to file a general denial, a party "must either specifically deny designated allegations or generally deny all except those specifically admitted." *Id*. "An affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff fair notice of the nature of the defense." 5 Wright & Miller, Fed. Prac. and Procedure § 1274; *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) ("The key

to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense.").

Here, Eigler's Answer is not readily categorizable as either a general or specific denial.[2] It only states that Eigler does not owe Schueler money and asserts a set of arguments that could loosely be considered affirmative defenses. For at least two reasons, this Answer is inadequate.

First, the Answer is not responsive to the Complaint. Though the case arises from a lending agreement, Schueler's claims go well beyond a simple the-defendant-owes-me-money allegation. Eigler's conclusory response that he does not owe Schueler money is thus inadequate because it does not "fairly respond to the substance of the allegation[s]." Fed. R. Civ. P 8(b)(2).

Second, the Answer does not properly notify Schueler of Eigler's defenses. Because Eigler's paragraph does not give "fair notice of [a] defense," it does not properly plead any affirmative defense. *Wyshak*, 607 F.2d at 827. Eigler's Answer indirectly suggests certain defenses (fraud, waiver, assumption of risk, etc.) but Schueler is left to guess which ones it must overcome to prevail on its claims. The Answer also fails to counter specific claims with corresponding affirmative defenses. This ambiguity makes it even harder for Schueler to connect the dots and deduce how the Answer affects his Complaint.

For these reasons, the Court finds that Eigler's answer is inadequate under Fed. R.

---

[2] Because Fed. R. Civ. P 8(b)(3) suggests that a general denial is the default unless an answer pleads otherwise, Eigler might argue that his paragraph is a general denial. But his Answer is so unresponsive to Schueler's claims that the Court cannot agree.

Civ. P 8(b) and GRANTS Schueler's Motion to Strike.

## IV. CONCLUSION

Because Eigler's Answer does not fairly respond to the substance of Schueler's allegations—and because it does not give fair notice of any affirmative defense—the Court GRANTS Schueler's Motion to Strike.

## V. ORDER

IT IS HEREBY ORDERED:

1. Schueler's Motion to Strike Eigler's Answer (Dkt. 11) is GRANTED.

    a. Eigler's Answer (Dkt. 3) is STRUCK as inadequate under Fed. R. Civ. P 8(b).

2. Within thirty (30) days of the date of this Order, Eigler must file an amended answer that complies with Fed. R. Civ. P 8(b) and gives fair notice of any affirmative defenses it raises.

    a. If Eigler does not file an appropriate amended answer before this deadline, the Court may enter a default against him.

DATED: January 31, 2023

David C. Nye
Chief U.S. District Court Judge