Andrew M. Wagley, ISB #10277
Samir Dizdarevic-Miller, ISB #11471
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Avenue, Suite 210
Spokane, WA 99201
Phone:  509-747-9100
Fax:       509-623-1439
Email:  awagley@ettermcmahon.com
Email:  samir@ettermcmahon.com
*Attorneys for Plaintiff Cody J. Schueler*

UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO (NORTHERN DIVISION)

| | |
|---|---|
| CODY J. SCHUELER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FOUR SQUAREBIZ, LLC, a Wyoming limited liability company, KEITH O. CREWS, an individual and the associated marital community, MICAH EIGLER, an individual and the associated marital community, and JOHN AND JANE DOES 1-10,<br><br>Defendants. | Case No. 2:22-cv-00389-DCN<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT— DEFENDANT MICAH EIGLER** |

COMES NOW, Plaintiff CODY J. SCHUELER, by and through his attorneys of record, Andrew M. Wagley and Samir Dizdarevic-Miller of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C., and hereby respectfully

Memorandum in Support of Motion
for Default—Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

submits the following Memorandum in Support of Plaintiff's Motion for Default against Defendant Micah Eigler, individually and the marital community comprised thereof (hereinafter "Defendant Eigler").

## **BACKGROUND**

This is a commercial lawsuit stemming from the breach of three Bitcoin Loan Agreements executed by Defendants Four SquareBiz, LLC, Keith Crews, and Micah Eigler, along with accompanying Personal Guarantees.  (*See* ECF No. 1.)  Plaintiff Cody J. Schueler initiated this lawsuit via a Complaint filed on September 12, 2022.  (*See id*.)  Defendant Eigler was personally served on September 26, 2022.  (*See* ECF No. 9.)  The Agreements that form the crux of this lawsuit expressly provide:

> 6. Governing Law.  This Agreement is governed by the laws of the State of Idaho, and any questions arising hereunder shall be construed or determined in accordance with such law.  The venue for any lawsuit filed by either party related to the terms of this agreement shall be located exclusively in the federal courts of the state of Idaho, U.S.A.

(*See* ECF No. 1 at 23, 41, 53, 64, and 74; ECF No. 1-2 at 4, 22, 34, 45, and 55.)

To date, Defendant Eigler has not formally appeared, filed a sufficient Answer, or otherwise substantively attempted to defend against this litigation.  (*See* Decl. of Andrew M. Wagley in Supp. of Mot. for Default ("Wagley

Memorandum in Support of Motion
for Default—Page 2

ETTER, MᶜMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Decl.").) On October 17, 2022, Defendant Eigler filed a purported "Answer" on a stock Idaho "Small Claims Department" form. (ECF No. 3.) Plaintiff filed a Motion to Strike Defendant Eigler's Answer on November 4, 2022. (ECF No. 12.) On January 31, 2023, the Court entered an Order granting Plaintiff's Motion to Strike Answer. (ECF No. 23.)

In the Order, the Court explicitly stated that Defendant Eigler's "Answer is inadequate" and "does not fairly respond to the substance of Schueler's allegations." (ECF No. 23 at 2-3.) This Order indicates:

> Within thirty (30) days of the date of this Order, Eigler must file an amended answer that complies with Fed. R. Civ. P. 8(b) and vies fair notice of any defenses it raises. . . . If eigler does not file an appropriate amended answer before this deadline, the Court may enter a default against him.

(*Id*. at 4.) To date, Defendant Eigler has not formally appeared through counsel nor filed an Amended Answer, as required by the Court's Order. (*See id*.) On January 26, 2023, the Clerk entered Default against Defendants Keith O. Crews and Four SquareBiz, LLC. (*See* ECF No. 22.) Plaintiff now respectfully moves for default against Defendant Eigler.

## **POINTS & AUTHORITIES**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or

Memorandum in Support of Motion
for Default—Page 3

ETTER, M<sup>C</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

otherwise, the clerk **must** enter the party's default." Fed. R. Civ. P. 55(a). The two-step process in Federal Court requires the movant to obtain an order of default prior to seeking a default judgment. *See, e.g.*, *Gargoyle Granite & Marble, Inc. v. Opustone, LLC*, 2021 WL 5999133, at *2 (D. Idaho 2021) ("The process of obtaining a default judgment in federal court involves two steps.") [1]. For policy purposes, "the possibility of being held in default acts as a deterrent to those parties resorting to delay as an element of their litigation strategy." 10A FED. PRAC. & PROC. CIV. § 2681 (Westlaw database updated April 2022). Furthermore, where "the defendant fails to answer the plaintiff's complaint, 'a decision on the merits [is] impractical, if not impossible.'" *Edelbrock LLC v. Genesis Grp. Int'l (USA), Inc.*, 119 F. Supp. 3d 1168, 1176 (C.D. Cal. 2015) (alterations in original) (quoting *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002)).

A defaulting defendant must be properly served prior to entry of a default. *See, e.g., Edelbrock LLC*, 119 F. Supp. 3d at 1173. Pursuant to Fed. R. Civ. P. 4, "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of

---

[1] Unpublished, out-of-jurisdiction, and secondary sources offered for nonbinding, persuasive purposes only.

Memorandum in Support of Motion for Default—Page 4

ETTER, MᶜMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

general jurisdiction in the state where the district court is located" or "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(1), (2)(A).  In turn, "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(k)(1)(A).

Idaho's long arm statute (I.C. § 5-514) provides that a defendant, "whether or not a citizen or resident of this state," subjects himself "to the jurisdiction of the courts of this state" by "[t]he transaction of any business within this state" or "[t]he commission of a tortious act within this state."  I.C. § 5-514(a), (b). Similarly, pursuant to Idaho law:

> Service of process upon any such person, firm, company, association or corporation who is subject to the jurisdiction of the courts of this state, as provided herein, may be made by personally serving the summons upon the defendant outside the state with the same force and effect as though summons had been personally served within this state.

I.C. § 5-515; *accord State of Idaho v. M.A. Hanna Co.*, 819 F. Supp. 1464, 1474 (D. Idaho 1993) ("Idaho Code § 5–515 provides that service may be made upon any entity subject to jurisdiction of the courts of the State of Idaho.").

Memorandum in Support of Motion for Default—Page 5

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

In order to be in default, the Court must also have personal jurisdiction over the defaulting defendant. *See, e.g., King v. Russell,* 963 F.2d 1301, 1305 (9th Cir. 1992). "In determining whether personal jurisdiction exists over a nonresident defendant, plaintiffs must establish that 1) the long-arm status of the forum confers personal jurisdiction over the nonresident defendant, and 2) that the exercise of jurisdiction conforms with constitutional principles of due process." *M.A. Hanna Co.*, 819 F. Supp. at 1474. In addition to Idaho's long arm statute (I.C. § 5-514), due process requirements for personal jurisdiction are satisfied based upon forum selection clauses that "have been obtained through 'freely negotiated' agreements and are not 'unreasonable and unjust.'" *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 831 (9th Cir. 2005) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985)); *accord Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406 (9th Cir. 1994) ("a forum selection clause alone could confer personal jurisdiction"). Here, the parties entered into a forum selection clause that expressly provides: "The venue for any lawsuit filed by either party related to the terms of this agreement **shall be located exclusively** in the federal courts of the state of Idaho, U.S.A." (*See, e.g.,* ECF No. 1 at 23.)

Following proper service and personal jurisdiction, default is warranted if the defendant fails to "plead or otherwise defend." Fed. R. Civ. P. 55(a). A

Memorandum in Support of Motion
for Default—Page 6

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

defendant fails to "plead or otherwise defend" if the defendant does not respond to the Complaint by the appropriate deadline or show sufficient intent to defend the allegations in Court. *See Carpenters Labor-Mgmt. Pension Fund v. Freeman-Carder LLC*, 498 F. Supp. 2d 237, 241 (D. D.C. 2007) ("The defendant . . . failed to respond by the deadline and has not otherwise taken any action indicating an intent to defend itself in this matter."); *accord McMahan v. CCC Express Corp.*, 153 F.R.D. 633, 634 (N.D. Ind. 1994) (informal agreement "for an indefinite extension" of time to respond to lawsuit insufficient).

In the situation at hand, default is appropriate against Defendant Eigler. First, Defendant Eigler was properly served with the Summons and Complaint on September 26, 2022. (*See* ECF No. 9.) Second, the Court has personal jurisdiction pursuant to the above-referenced forum selection clause. (*See, e.g.,* ECF No. 1 at 23.) Third, Defendant Eigler has failed to adequately respond to the lawsuit, despite multiple opportunities and informal extensions of time. Although Defendant Eigler participated in a Discovery Plan and Litigation Plan acting *pro se*, he has since ignored the Court's Order granting Plaintiff's Motion to Strike Answer, failed to file an Amended Answer, and has not retained legal counsel. Fourth and finally, Defendant Eigler has been provided notice of this Motion for Default, whether or not required by law.

Memorandum in Support of Motion for Default—Page 7

ETTER, McMAHON, LAMBERSON, VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Defendant Eigler has stalled this litigation, despite being properly served approximately 158 days ago prior to the filing of this Motion. An Order of Default is warranted by law so Plaintiff may subsequently obtain a default judgment against all Defendants. Fed. R. Civ. P. 55(a).

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests that the Court grant this Motion for Default.

RESPECTFULLY SUBMITTED this 3rd day of March, 2023.

        ETTER, M<sup>c</sup>MAHON, LAMBERSON,
          VAN WERT & ORESKOVICH, P.C.

By: /s/ Andrew M. Wagley
    Andrew M. Wagley, ISB #10277
    Samir Dizdarevic-Miller, ISB #11471
    *Attorneys for Plaintiff Cody J. Schueler*

Memorandum in Support of Motion for Default—Page 8

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100

## **CERTIFICATE OF SERVICE**

The undersigned certifies, under penalty of perjury of the laws of the United States, that on the date given below, I caused to be served in the manner noted copies of the foregoing document upon the following parties:

Keith Crews
okcrews@yahoo.com
1503 Scenic Overlook Court
Kennesaw, GA 30152

☒ U.S. Mail
☐ Facsimile
☒ E-Mail
☐ Via Hand Delivery

Micah Eigler
eigler1@gmail.com
6208 Enfield Avenue
Los Angeles, CA 91316
PO Box 9042
Calabasas, CA 91372

☒ U.S. Mail
☐ Facsimile
☒ E-Mail
☐ Via Hand Delivery

Four SquareBiz, LLC
okcrews@4squarebiz.com
C/o Registered Agents Inc.
30 North Gould Street, Suite R
Sheridan, WY 82801

☒ U.S. Mail
☐ Facsimile
☒ E-Mail
☐ Via Hand Delivery

EXECUTED this 3rd day of March, 2023 in Spokane, Washington.

By: /s/ Jodi Dineen
     Jodi Dineen

Memorandum in Support of Motion for Default—Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201 (509) 747-9100