UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO (NORTHERN DIVISION)

| | |
|---|---|
| CODY J. SCHUELER, an individual,<br><br>             Plaintiff,<br><br>    v.<br><br>FOUR SQUAREBIZ, LLC, a Wyoming limited liability company, KEITH O. CREWS, an individual and the associated marital community, MICAH EIGLER, an individual and the associated marital community, and JOHN AND JANE DOES 1-10,<br><br>             Defendants. | Case No. 2:22-cv-00389-DCN<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

THIS MATTER came before the Court pursuant to Plaintiff Cody J. Schueler's Motion for Default Judgment against Defendants Four SquareBiz, LLC ("Four SquareBiz") and Keith O. Crews, individually and the associated marital community comprised thereof ("Defendant Crews"). Plaintiff is represented by Andrew M. Wagley and Samir Dizdarevic-Miller of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C. This Motion is made pursuant to Fed. R. Civ. P. 55(b) and is supported by the accompanying Memorandum of Law, including the points and authorities therein.

The Court has reviewed Plaintiff's Motion for Default Judgment, Memorandum in Support of Motion for Default Judgment, Declaration of Cody J. Schueler, Declaration of Andrew M. Wagley, and other pertinent portions of the Court File herein.  As such, the Court is fully informed to rule as indicated herein.

## FINDINGS OF FACT

Based upon the argument and briefing presented, as well as other documents contained within the Court File, the Court hereby makes the following Findings of Fact:

(1)      This is a commercial lawsuit stemming from the breach of three Bitcoin Loan Agreements executed by Defendants, along with accompanying Personal Guarantees.  (*See* ECF No. 1.)  Plaintiff Cody J. Schueler filed this lawsuit on September 12, 2022.  (*See id*.)

(2)      Defendant Crews was personally served on September 15, 2022.  (*See* ECF No. 8.)  Defendant Four SquareBiz was served via its registered agent on September 28, 2022.  (*See* ECF No. 7.)  The Court has subject matter jurisdiction over the case and personal jurisdiction over the parties.

(3)      Despite this litigation pending for 11 months, Defendants have failed to formally appear, obtain counsel, or demonstrate a meaningful attempt to defend this lawsuit.  The Clerk entered Defaults against Four SquareBiz and Defendant Crews on January 26, 2023.  (ECF No. 22.)

(4)      On April 4, 2023, Defendant Micah Eigler ("Defendant Eigler") filed Chapter 7 Bankruptcy, resulting in an automatic stay against Defendant Eigler.  (*See* ECF

No. 28.)  Plaintiff does not seek Default Judgment against Defendant Eigler based upon Defendant Eigler's Chapter 7 Bankruptcy.

(5)     As indicated in the Complaint, Defendants "approached Mr. Schueler in early 2021 regarding the opportunity to invest in the funding and launch of 'Dstem Coin,' a purportedly new decentralized, blockchain cryptocurrency."  (ECF No. 1 at 4.)  Plaintiff knew Defendants Crews and Eigler "from previous business transactions" and Defendant Crews "purported to be the Chief Executive Officer (CEO) and Chairman of Four SquareBiz, LLC."  (*Id*.)  Defendants presented Plaintiff various documents regarding "Dstem Coin," including "PowerPoint presentations," industry "White Paper," and "a Four SquareBiz 'Co-Venture Equity Agreement' for the funding and launch of Dstem Coin."  (*Id*.)

(6)     Based upon such inducement, the parties entered into three "Bitcoin Loan Agreements," whereby Mr. Schueler served as the Lender and Defendants Crews and Four SquareBiz were Borrowers.  (*See* ECF No. 1-2 at 1-63.)  In addition, Defendants Crews executed unconditional and absolute Personal Guarantees.  (*See id*.)

(7)     The first Bitcoin Loan Agreement was executed on March 27, 2021.  (*See* ECF No. 1 at 4-5.)  "The express purpose of the first Bitcoin Loan Agreement was for 'Borrower to secure equity funding through Trust Funds Capital, Ltd and serviced through https://bittrei.io' for the launch and funding of Dstem Coin."  (*Id*. at 5.)  "As part of the inducement to enter into the first Bitcoin Loan Agreement, Defendants presented Mr. Schueler with purported documentation

from 'Trust Funds Capital,'" which included "a 'Digital Private Equity Funding' loan as part of the Dstem Coin funding process." (*Id*. at 5, 31-37.)

(8)     Pursuant to the first Bitcoin Loan Agreement, Mr. Schueler disbursed five Bitcoins to Defendants on March 27, 2021 via the BTC address referenced in the Agreement.   At that time, one Bitcoin had a market value of approximately $55,973.51.    Defendants never performed under the first Bitcoin Loan Agreement and never repaid Mr. Schueler the $279,867.55 principal loaned.

(9)     The second Bitcoin Loan Agreement was executed on April 26, 2021.  (ECF No. 1 at 6.)  "The express purpose of the second Bitcoin Loan Agreement is 'for the Borrower to pay for the Funds Transfer Clearance Code ('FTCC') to transfer two hundred thirty million dollars ($230,000,000.00)' associated with the funding and launch of Dstem Coin."  (*Id*.)  "As part of the inducement to enter into this Agreement, Defendants presented Mr. Schueler with purported documentation from 'Trust Funds Private banking,'" which "requested Mr. Crews 'proceed to pay your Funds Transfer Clearance Code (FTCC) to complete your withdrawal' of $230,000,000 as part of the Dstem Coin funding process."  (*Id*. at 6 and 49.)

(10)    Under the second Bitcoin Loan Agreement, Mr. Schueler disbursed $363,000 in Bitcoin to Defendants on April 26, 2021 via the BTC Wallet address referenced in the Agreement.  Defendants never performed under the second Bitcoin Loan Agreement and never repaid Mr. Schueler the $363,000 in principal loaned.

(11)   The third Bitcoin Loan Agreement was entered into on April 29, 2021.  (ECF No. 1 at 7.)  "The express purpose of the third Bitcoin Loan Agreement was for 'the Borrower to pay for HMRC Tax Clearance Pin ('TCP') to pay taxes on the transfer of Borrower's loan fund of two hundred million thirty dollars ($230,000,000.00)' associated with the funding of Dstem Coin."  (*Id.* at 7-8.) "As part of the inducement to enter into this Agreement, Defendants presented Mr. Schueler with purported documentation of a 'FTCC payment request from TrustFunds Private Bank.'"  (*Id.* at 8.)

(12)   Pursuant to the third Bitcoin Loan Agreement, Mr. Schueler disbursed $296,100 in Bitcoin to Defendants on April 29, 2021 via the BTC Wallet address referenced in the Agreement.  Defendants never performed under the third Bitcoin Loan Agreement and never repaid Mr. Schueler the $296,100 principal loaned.

(13)   As indicated in the Complaint, the documentation from "Trust Funds Capital," "Trust Funds Private banking," and "TrustFunds Private Bank" Defendants used to induce Mr. Schueler to enter into the three Bitcoin Loan Agreements were "false, fabricated, and fraudulent."  (ECF No. 1 at 5, 7, and 8.)  The information associated with these purported entities on the loan documents "is invalid, comes back to different entities, or otherwise is not associated with a legitimate financial institution."  (*Id.*)  Furthermore, "[n]one of these names are listed with the Office of the Comptroller of the Currency, Federal Deposit Insurance Corporation (FDIC), Federal Reserve National Information Center, or any

pertinent Secretary of State business entity searches." (*Id.* at 10.) The Complaint further alleges that "Dstem Coin is not a legitimate cryptocurrency investment." (*Id.*) In this vein, Plaintiff alleged that "[a]ll of the information and documentation regarding Dstem Coin was created, fabricated, and falsified by Defendants to defraud potential investors." (*Id.*)

(14)   The Complaint alleges that "[p]rior to filing this lawsuit, Mr. Schueler made multiple, good faith attempts to negotiate a resolution of this matter with Defendants and repayment of the funds loaned under the three Bitcoin Loan Agreements." (ECF No. 1 at 9.) Additionally, "Defendants have continually promised repayment to Mr. Schueler, but have indicated delays associated with other projects." (*Id.*)

(15)   The three Bitcoin Loan Agreements, along with the accompanying Personal Guarantees, are governed by Idaho law.

(16)   Plaintiff may proceed against Defendants Four SquareBiz and Crews, despite Defendant Eigler's Chapter 7 Bankruptcy and associated automatic stay pursuant to 11 U.S.C. § 362(a). There is no risk of inconsistent results as all Defendants were in Default prior to Defendant Eigler's Chapter 7 Bankruptcy and there is no just reason for delay.

(17)   The Complaint prays for relief against Defendants, jointly and severally, in the form of:

1.   Any and all damages, including economic damages and the principal loaned, which will reasonably and fairly compensate Plaintiff;

2.     Attorneys' fees and costs of suit, as allowed by the terms of the Agreements, I.C. § 12-120(3), and other applicable laws;

3.     Pre-judgment and post-judgment interest at the highest rate permitted by law; and

4.     Such other and further relief as the Court deems just and equitable.

(ECF No. 1 at 18-19.)

(18)     Plaintiff disbursed: (1) $279,867.55 in Bitcoin on March 27, 2021 pursuant to the first Bitcoin Loan Agreement; (2) $363,000 in Bitcoin on April 26, 2021 pursuant to the second Bitcoin Loan Agreement; and (3) $296,100 in Bitcoin on April 29, 2021 pursuant to the third Bitcoin Loan Agreement.  Defendants never repaid the principal loaned by Plaintiff.

(19)     Plaintiff is entitled to recovery of the $938.967.55 principal loaned, plus pre-judgment interest and attorneys' fees.  Plaintiffs' damages are easily ascertainable by simple mathematical calculations.  Although the Bitcoin Loan Agreements call for a higher interest rate, Plaintiff only seeks recovery of the principal loaned plus pre-judgment interest of twelve percent (12%) annually.  Plaintiff's calculated interest, predicated upon twelve percent (12%) simple interest per annum, is $260,841.76.

(20)     The Court finds Plaintiff is entitled to Default Judgment against Defendants Four SquareBiz and Crews in the aggregate amount of $1,199,809.31.

(21)     The Agreements at issue allow the recovery of attorneys' fees and costs by the prevailing party.  For the reasons indicated, Plaintiff is the prevailing party.

(22) _____

_____

_____ .

## **CONCLUSIONS OF LAW**

Based upon the foregoing Findings of Fact, the Court hereby enters the following

Conclusions of Law:

(1)     Default Judgment is warranted against Defendants Four SquareBiz and Crews

based upon the analysis articulated in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir.

1986), and its progeny.

(2)     The Court has subject matter jurisdiction over the case and personal jurisdiction

over the parties, as required to enter this Default Judgment.  Defendants Four

SquareBiz and Crews were properly served process pursuant to Fed. R. Civ. P.

4.  The Court has jurisdiction pursuant to Idaho's long arm statute (I.C. § 5-514),

Due Process requirements, and the forum selection clause in the Agreements.

(3)     When considering a motion for default judgment, the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true.

(4)     The totality of the *Eitel* Factors warrant entry of the requested Default

Judgment.  In particular, the Court makes the following specific findings and

conclusions:

(a)     The first *Eitel* factor is "the possibility of prejudice to the plaintiff."  782

F.2d at 1472.  Defendants are not participating in this litigation, denying

Plaintiff the right to judicial resolution of the claims.  As Plaintiff has no

apparent legal remedy nor recourse against Defendants outside of this litigation, this factor supports the requested Default Judgment.

(b)     The second and third *Eitel* Factors are "(2) the merits of plaintiff's substantive claim[s]" and "(3) the sufficiency of the complaint." 782 F.2d at 1471. Under this analysis, the well-pleaded allegations of the Complaint are taken as true and the Court determines whether Plaintiff has stated a claim upon which relief may be granted. When sitting in diversity, the Court considers the substantive law of the forum state (Idaho) in determining whether Plaintiff has stated a claim. Based upon the Complaint and the Defaults, Plaintiff has stated the following claims and causes of action: (i) Breach of Contract; (ii) Breach of Personal Guarantees; (iii) Breach of Good Faith and Fair Dealing; (iv) Conversion; (v) Fraud; and (vi) Civil Conspiracy. In relation to Defendant Crews, Plaintiff has pled adequate causes of action to warrant a Default Judgment against the marital community of Defendant Crews.

(c)     The fourth *Eitel* Factor is "the sum of money at stake in the action." 782 F.2d at 1471. Although Plaintiff is seeking a Default Judgment in excess of $1,000,000, this amount is directly proportional to the harm incurred. This *Eitel* factor does not preclude the requested Default Judgment.

(d)     The fifth *Eitel* Factor is "the possibility of a dispute concerning material facts." 782 F.2d at 1471-72. Defendants were properly served,

subsequently placed in Default for failing to appear, and as such, have in essence admitted no dispute concerning material facts exists.

(e)     The sixth *Eitel* Factor is "whether the default was due to excusable neglect." 782 F.2d at 1472. Defendants Crews and Four SquareBiz have been in default since January 26, 2023. Defendants have been provided notice of all proceedings in this matter (including this Motion for Default Judgment), yet have failed to formally appear and defend. Defendants' respective Defaults are not the result of excusable neglect.

(f)     Finally, the seventh *Eitel* Factor is "the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." 782 F.2d at 1472. Although policy disfavors default, where a defendant wholly fails to respond to the complaint a decision on the merits becomes impractical, if not impossible, and the default mechanism is necessary to deal with wholly unresponsive parties who otherwise could cause the justice system to grind to a halt. Defendants have ignored this litigation and the requested Default Judgment is Plaintiff's only remedy. On aggregate, the *Eitel* factors warrant entry of the Default Judgment.

(5)     After the Court determines that a default judgment is warranted, it must then consider the appropriate remedy for each claim. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

(6)    Default Judgment in the amount of $1,199,809.31, comprised of $938,967.55 in principal and $260,841.76 in reasonable interest, is appropriate and warranted against Defendants Four SquareBiz and Crews.

(7)    As Plaintiff is entitled to costs and attorneys' fees in obtaining this Default Judgment, Plaintiff may submit a Motion for Attorneys' Fees and Costs under District of Idaho Local Civil Rule 54.2(b) fourteen (14) days after entry of judgment.

(8)    _____

_____

_____ .

## ORDER GRANTING DEFAULT JUDGMENT

Based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

(1)    Plaintiff's Motion for Default Judgment is **GRANTED**.

(2)    The Court hereby **ENTERS DEFAULT JUDGMENT** in favor of Plaintiff, Cody J. Schueler, and against Defendants Four SquareBiz, LLC and Keith O. Crews (an individual and his associated marital community), jointly and severally, in the amount of $1,199,809.31, comprised of $938,967.55 in principal and $260,841.76 in reasonable interest.

(3)    Interest **SHALL ACCRUE** on this Default Judgment at the rate of twelve percent (12%) simple interest per annum as of the date of this Judgment.

(4)     Pursuant to Rule 54.2(b), Plaintiff shall submit his Motion for Attorneys' Fees and Costs within fourteen (14) days after entry of this Judgment.

(5)     The Clerk is hereby **DIRECTED TO ENTER** Judgment consistent with this Order.

(6)     _____.

It is so **ORDERED** this _____ day of August, 2023.

_____
**HONORABLE DAVID C. NYE**
**UNITED STATES DISTRICT COURT JUDGE**
**DISTRICT OF IDAHO**

Presented By:

ETTER, McMAHON, LAMBERSON,
 VAN WERT & ORESKOVICH, P.C.


By: _/s/ Andrew M. Wagley_____
    Andrew M. Wagley, ISB #10277
    Samir Dizdarevic-Miller, ISB #11471
    *Attorneys for Plaintiff Cody J. Schueler*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies, under penalty of perjury of the laws of the United States, that on the date given below, I caused to be served in the manner noted copies of the foregoing document upon the following parties:

Keith Crews                          ☒ U.S. Mail
1503 Scenic Overlook Court           ☐ Facsimile
Kennesaw, GA 30152                   ☐ E-Mail
                                     ☐ Via Hand Delivery

Four SquareBiz, LLC                  ☒ U.S. Mail
C/o Registered Agents Inc.           ☐ Facsimile
30 North Gould Street, Suite R       ☐ E-Mail
Sheridan, WY 82801                   ☐ Via Hand Delivery

EXECUTED this 11th day of August, 2023 in Spokane, Washington.

By:  /s/ Jodi Dineen
     Jodi Dineen

[Proposed] Order Granting Plaintiff's
Motion for Default Judgment—Page 13