Andrew M. Wagley, ISB #10277
Samir Dizdarevic-Miller, ISB #11471
ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 W. Riverside Avenue, Suite 210
Spokane, WA 99201
Phone: 509-747-9100
Fax:    509-623-1439
Email: awagley@ettermcmahon.com
Email: samir@ettermcmahon.com
*Attorneys for Plaintiff Cody J. Schueler*

## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO (NORTHERN DIVISION)

| | |
|---|---|
| CODY J. SCHUELER, an individual,<br><br>    Plaintiff,<br><br> v.<br><br>FOUR SQUAREBIZ, LLC, a Wyoming limited liability company, KEITH O. CREWS, an individual and the associated marital community, MICAH EIGLER, an individual and the associated marital community, and JOHN AND JANE DOES 1-10,<br><br>    Defendants. | Case No. 2:22-cv-00389-DCN<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

COMES NOW, Plaintiff CODY J. SCHUELER, by and through his attorneys of record, and hereby respectfully submits the following Memorandum in Support of Plaintiff's Motion for Attorneys' Fees and Costs. As indicated fully below, an award of $17,184.50 in reasonable attorneys' fees and $940.52 in costs should be awarded in favor of Plaintiff against Defendants Four SquareBiz, LLC ("Four SquareBiz") and Keith O. Crews, individually and the associated marital community comprised thereof ("Defendant Crews").

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 1

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

Plaintiff is the prevailing party in this matter stemming from the breach of the Agreements at issue and associated commercial transaction.   Plaintiff obtained a $1,199,809.31 Default Judgment against Defendants Four SquareBiz and Crews.[1]  As such, an award of $18,125.02 in attorneys' fees and costs is reasonable and only constitutes approximately 1.5% of the Default Judgment amount.

## PERTINENT BACKGROUND

This is a commercial lawsuit stemming from the breach of three Bitcoin Loan Agreements executed by Defendants, along with accompanying Guarantees executed by Defendant Crews.  (*See* ECF No. 1.)  Pursuant to the Complaint filed on September 12, 2022, Plaintiff prayed for relief in the form of "Attorneys' fees and costs of suit, as allowed by the terms of the Agreements, I.C. § 12-120(3), and other applicable laws."  (ECF No. 1 at 18.)

The Agreements that govern this dispute allow for an award of attorneys' fees and costs to the prevailing party.  The Bitcoin Loan Agreements provide:

> 8.   Attorney Fees and Costs.  If either party commences legal proceedings to interpret or enforce the terms of this Agreement, the prevailing Party will be entitled to recover court costs and reasonable attorney fees.

(ECF No. 1-2 at 5, 23, and 35.)  In turn, the Guarantees provide: "If Lender is required to enforce Guarantor's obligations by legal proceedings, Guarantor shall pay to Lender all costs incurred, including, without limitation, reasonable attorneys' fees."  (*Id*. at 9, 27, and 39.)

On September 5, 2023, the Court granted Default Judgment in favor of Plaintiff and against Defendants "in the amount of $1,199,809.31, comprising $938,967.55 in principal and

---

[1]  Plaintiff does not seek recovery of segregable attorneys' fees against Defendant Micah Eigler as he is not included in the Default Judgment based upon Chapter 7 Bankruptcy.

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 2

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

$260,841.76 in interest." (ECF No. 37.) The accompanying Findings of Fact, Conclusions of Law, and Order Granting Default Judgment indicates: "The Agreements at issue allow the recovery of attorneys' fees and costs by the prevailing party. For the reasons just stated, Mr. Schueler is the prevailing party." (ECF No. 36 at 6.) As such, the Order indicates: "As Mr. Schueler is entitled to costs and attorneys' fees in obtaining this Default Judgment, he may submit a Motion for Attorneys' Fees and Costs under District of Idaho Local Civil Rule 54.2(b) within fourteen days of the entry of judgment." (ECF No. 36 at 10.)

Plaintiff is entitled to attorneys' fees and costs pursuant to the Agreements and I.C. § 12-120(3) as the prevailing party in this litigation.

## STANDARD OF REVIEW

"A claim for attorney's fees and related nontaxable expenses must be made by motion" and filed "no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(A), (B)(i). "Attorney fees will only be allowed upon an order of a judge of the Court after such fact-finding process as the judge orders." Dist. Idaho Loc. Civ. R 54.2(a). Further:

> The motion must state the amount claimed and cite the legal authority relied on. The motion must be accompanied by an affidavit of counsel setting forth the following: (1) date(s), (2) service(s) rendered, (3) hourly rate, (4) hours expended, (5) a statement of attorney fee contract with the client, and (6) information, where appropriate, as to other factors which might assist the Court in determining the dollar amount of fee to be allowed.

Dist. Idaho Loc. Civ. R. 54.2(b).

## POINTS & AUTHORITIES

The American Rule instructs that each party in litigation "bear[s] its own attorney[s'] fees in the absence of a rule, statute, or contract authorizing an award of fees." *Hensley v.*

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 3

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

*Eckerhart*, 461 U.S. 424, 429 (1983).  In turn, Idaho state law establishes Plaintiff's right to attorneys' fees in this diversity action.  *See Winterrowd v. American General Annuity Ins. Co.*, 556 F.3d 815, 827 (9th Cir. 2009) ("State law establishes the required showing for attorney's fees in an action in diversity."); *accord United States v. Fid. & Deposit Co. of Maryland*, 2022 WL 17128626, at *1 (D. Idaho 2022)[2] ("In this diversity action for breach of contract, Idaho law governs.").

### A.  Plaintiff is Entitled to Attorneys' Fees and Costs Pursuant to the Agreements.

Idaho law allows recovery of attorneys' fees for the prevailing party pursuant to an agreed upon contract provision.  *See Noble v. Fisher*, 894 P.2d 118, 125 (Idaho 1995) ("The clear and unambiguous import of [the contract] provision is that if the parties subsequently dispute the terms of the Settlement Agreement—their applicability, modifiability, enforceability, or meaning—then the party who prevails in the dispute is entitled to have his or her attorney fees paid by the losing party."); *accord  Chittenden & Eastman Co. v. Leasure*, 783 P.2d 320, 321 (Idaho Ct. App. 1989) (noting "valid agreement between the parties specifically limiting the dollar amount that may be claimed and awarded").

Here, the Agreements at issue allow for recovery of reasonable attorneys' fees and costs.  (*See* ECF No. 1-2 at 5, 9, 23, 27, 35, and 39.)  In this vein, the Court has already determined that "[t]he Agreements at issue allow the recovery of attorneys' fees and costs by the prevailing party" and "Mr. Schueler is the prevailing party."  (ECF No. 36 at 6.)

---

[2] Unpublished authorities offered for persuasive, nonbinding purposes only.  *See, e.g.*, Fed. R. App. P. 32.1(a) (unpublished opinions "issued on or after January 1, 2007" may be cited to as persuasive authority).

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 4

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

**B.** **Plaintiff is the Prevailing Party and the Gravamen of This Litigation is a Commercial Transaction Pursuant to I.C. § 12–120(3).**

In addition to the right to recover attorneys' fees and costs under the Agreements, Plaintiff is also entitled to attorneys' fees under I.C. § 12-120(3) as the prevailing party in litigation stemming from a commercial transaction.  Pursuant to I.C. § 12-120(3), "in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court."  In turn, "commercial transaction" is defined as "all transactions except transactions of personal or household purposes."  I.C. § 12-120(3).  In determining whether I.C. § 12-120(3) is applicable, the Court conducts a two-step analysis: "'(1) there must be a commercial transaction that is integral to the claim, and (2) the commercial transaction must be the basis upon which recovery is sought.'"  *Garner v. Povey*, 259 P.3d 608, 615 (Idaho 2011) (quoting *Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 223 (Idaho 2001)).  "In other words, the relevant inquiry is whether the commercial transactions constituted 'the gravamen of the lawsuit.'"  *Garner*, 259 P.3d at 615 (quoting *Great Plains*, 36 P.3d at 224).

In determining whether "the gravamen of the lawsuit" is a commercial transaction, the Court looks at the allegations in the complaint.  *See Garner*, 259 P.3d at 616 ("allegations in the complaint that the parties entered into a commercial transaction and that the complaining party is entitled to recover based upon that transaction, are sufficient to trigger the application of I.C. § 12–120(3)").  The Court is to "'analyze the gravamen claim by claim.'"  *Day v. Idaho Transp. Dep't*, 2023 WL 5185613, at *15 (Idaho 2023) (quoting *Sims v. Jacobson*, 342

P.3d 907, 912 (Idaho 2015)).  If I.C. § 12-120(3) is applicable, "an award of <u>attorney fees to the prevailing party is mandatory</u>."  *Day*, 2023 WL 5185612, at *15.

In the situation at hand, Plaintiff is entitled to attorneys' fees as a prevailing party in litigation stemming from a commercial transaction pursuant to I.C. § 12-120(3).  First, Plaintiff specifically requested attorneys' fees under I.C. § 12-120(3) in the Complaint.  (*See* ECF No. 1 at 18.)  Second, the crux of this lawsuit was "predicated upon the breach of three Bitcoin Loan Agreements."  (*Id*. at 3.)  This includes not only the Breach of Contract, Breach of Personal Guarantees, and Breach of Good Faith and Fair Dealing Cause of Action, but also the Conversion Cause of Action ("Defendants have wrongfully asserted dominion and control over the property of Plaintiff, to wit the funds loaned by Plaintiff to Defendants under the three Bitcoin Loan Agreement[s]"), Fraud Cause of Action ("Defendants made multiple false statements or representations pertaining to the inducement of the Bitcoin Loan Agreement[s] and Personal Guarantees"), and Civil Conspiracy Cause of Action ("Defendants entered into an agreement / conspiracy to cause Plaintiff to loan substantial funds under the three Bitcoin Loan Agreements and associated Personal Guarantees").  (*See id*. at 11-17.)  Third, the Court has concluded that "Mr. Schueler is the prevailing party" in this litigation.  (ECF No. 36 at 6.)

## C. **Plaintiff is Entitled to an Award of $18,125.02 in Attorneys' Fees and Costs.**

"Courts within the Ninth Circuit apply the 'lodestar' approach to determine the fee award amount."  *Nw. Bldg. Components, Inc. v. Adams*, 2023 WL 4628196, at *5 (D. Idaho July 18, 2023) (citing *Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1158 (2018)); *accord Kayser v. McClary*, 875 F. Supp. 2d 1167, 1196 (D. Idaho 2012) (applying Ninth Circuit lodestar authority in action predicated upon diversity jurisdiction).  The lodestar

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 6

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

amount is "calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate." *Vogel*, 893 F.3d at 1160.

"To determine whether a rate is reasonable, the Court examines the 'experience, skill and reputation of the attorney requesting fees' in addition to the prevailing market rate." *United States v. Fid. & Deposit Co. of Maryland*, 2022 WL 17128626, at *1 (D. Idaho 2022) (quoting *Trevino v. Gates*, 99 F.3d 911, 924 (9th Cir. 1996)). "The relevant community is that of the forum district." *Nw. Bldg. Components, Inc.*, 2023 WL 4628196, at *5; *accord SBP LLLP v. Hoffman Constr. Co. of Am.*, 2022 WL 1166431, at *2 (D. Idaho 2022) ("Generally, the forum district represents the relevant legal community."). The Court may also consider the factors articulated in Idaho Rule of Civil Procedure 54(e)(3), which include: "time and labor; difficulty; skill required; prevailing charges; fixed or contingent fee; time limitations; amount and result; undesirability of the case; relationship with the client; awards in similar cases; costs of automated research; and any other factors." *Kayser*, 875 F. Supp. 2d at 1196 (quoting *Sun Valley Potato Growers, Inc. v. Texas Refinery Corp.*, 86 P.3d 475, 483 (Idaho 2004)).

The prevailing party has the burden of submitting time records to justify the hours claimed. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986), *as amended by* 808 F.2d 1373 (9th Cir. 1987). "Affidavits of the plaintiff['s] attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff['s] attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). Requested hours may be reduced "if the case was overstaffed and hours

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

are duplicated [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers*, 796 F.2d at 1210.   However, "[b]y and large, the court should <u>defer to the winning</u> <u>lawyer's professional judgment as to how much time he was required to spend on the case;</u> <u>after all, he won, and might not have, had he been more of a slacker.</u>"   *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Recoverable fees include attorneys' fees incurred to bring a motion for an award of attorneys' fees and costs following determination as a prevailing party.  *See Lettunich v. Lettunich*, 185 P.3d 258, 264 (Idaho 2008) ("Where [litigant] had a legal right to recover attorney fees as the prevailing party in the action, litigation over the amount of the attorney fee award is also part of the legal action for which he is entitled to an award of attorney fees."); *accord In re Nucorp Energy, Inc.,* 764 F.2d 655, 659–660 (9th Cir.1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."); *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) ("it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee").  In turn, this necessarily should include costs incurred to obtain a declaration establishing the reasonable rates in the forum district.  *See id.*

In the situation at hand, Plaintiff is entitled to recover $17,184.50 in reasonable attorneys' fees pursuant to the Agreements.  First, the market rates of $275 per hour for Partner Andrew M. Wagley, as well as $210 per hour for Associate Samir Dizdarevic-Miller, are reasonable.  (*See* Wetmore Decl. at ¶¶ 8-11; *accord* Wagley Decl. at ¶¶ 2-12.)  The reasonableness of these rates in the District of Idaho, Northern Division is established by not

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 8

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

only the billing records of Plaintiff's Counsel, but the Declaration of Richard T. Wetmore Re: Reasonable Northern Idaho Commercial Litigation Rates, a commercial litigation attorney practicing in the locale. (*See id*.) Second, the 63.6 total hours sought is reasonable compared to the nearly $1,200,000 Default Judgment and complexity of this matter. (*See* Wagley Decl., Ex. B.) These hours take into account the necessary research and analysis to draft the Complaint, place the Defendants in Default, and obtain the Default Judgment. (*See id*.) However, these hours do not include legal work done solely in relation to Defendant Eigler— who was not included in the Default Judgment—and excludes hours that were voluntarily reduced in the client billings. (*See id*.) As such, the recoverable amounts of attorneys' fees pursuant to the Agreements is as follows:

| Individual | Hours Sought | Hourly Rate | Total |
|---|---|---|---|
| Andrew M. Wagley | 58.9 | $275 | $16,197.50 |
| Samir Dizdarevic-Miller | 4.7 | $210 | $987.00 |
| | | **Grand Total** | $17,184.50 |

In addition to reasonable attorneys' fees, Plaintiff also seeks $940.52 in recoverable litigation costs. These costs are those above and beyond what is legally recoverable in Plaintiff's accompanying Cost Bill. [3]   This includes $185.64 in private process server fees,

---

[3] Although Dist. Idaho Loc. Civ. R. 54.1(a) indicates that "[n]o such bill may be filed before the parties have met and conferred regarding costs," the Court should excuse such requirement for the accompanying Cost Bill as Defendants have defaulted for failing to appear. In this vein, except for original process, "[n]o service is required on a party who is in default for failing to appear." Fed. R. Civ. P. 5(a)(2); *accord Peterson v. Islamic Republic Of Iran*, 627 F.3d 1117, 1130 n. 5 (9th Cir. 2010) ("Federal Rule 5(a)(2) waives [service] requirement for motions against a party . . . who is in default for failing to appear.").

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 9

ETTER, McMAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100

$74.30 in printing / copying costs, $80.58 in mailing expenses, and $600 in expert fees for the opinion of Richard T. Wetmore regarding reasonable commercial litigation rates in Northern Idaho.  (*See* Wagley Decl., Ex. B.)  These costs are reasonable and recoverable pursuant to the Agreements at issue.

<u>**CONCLUSION**</u>

Based upon the foregoing, Plaintiff respectfully requests that the Court grant his Motion for Attorneys' Fees and Costs, and award the same in the amount of $18,125.02, comprised of $17,184.50 in reasonable attorneys' fees and $940.52 in costs.

RESPECTFULLY SUBMITTED this 19th day of September, 2023.

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.


By:  /s/ Andrew M. Wagley
Andrew M. Wagley, ISB #10277
Samir Dizdarevic-Miller, ISB #11471
*Attorneys for Plaintiff Cody J. Schueler*

Memorandum in Support of Motion
for Attorneys' Fees and Costs—Page 10

ETTER, M<sup>c</sup>MAHON, LAMBERSON,
VAN WERT & ORESKOVICH, P.C.
618 WEST RIVERSIDE AVENUE, SUITE 210
SPOKANE, WASHINGTON 99201   (509) 747-9100