UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CODY J. SCHUELER, an individual<br><br>Plaintiff,<br><br>v.<br><br>FOUR SQUAREBIZ, LLC, a Wyoming limited liability company, KEITH O. CREWS, an individual and the associated marital community, MICAH EIGLER, an individual and the associated marital community, and JOHN AND JANE DOES 1–10,<br><br>Defendants. | Case No. 2:22-cv-00389-DCN<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

THIS MATTER came before the Court pursuant to Plaintiff Cody J. Schueler's Motion for Attorneys' Fees and Costs against Defendants Four SquareBiz, LLC ("Four SquareBiz") and Keith O. Crews, individually and the associated marital community comprised thereof ("Defendant Crews"). Plaintiff is represented by Andrew M. Wagley and Samir Dizdarevic-Miller of Etter, McMahon, Lamberson, Van Wert & Oreskovich, P.C. This Motion is made pursuant to Federal Rule of Civil Procedure 54(d), District of Idaho Local Rule 54.2, and is supported by the accompanying Memorandum of Law, including the authorities therein.

The Court has reviewed Plaintiff's Motion for Attorneys' Fees and Costs, Memorandum in Support of Plaintiff's Motion for Attorneys' Fees and Costs, Declaration of Andrew M. Wagley, and the Declaration of Richard T. Wetmore, as well

ORDER – 1

as other pertinent portions of the Court File herein. As such, the Court is fully informed to rule as indicated herein.

## FINDINGS OF FACT

Based upon the argument and briefing presented, as well as other documents contained within the Court File, the Court hereby makes the following Findings of Fact:

(1) This is a commercial lawsuit stemming from the breach of three Bitcoin Loan Agreements executed by Defendants, along with accompanying Personal Guarantees. *See* Dkt. 1.

(2) Pursuant to the Complaint, Plaintiff prayed for relief in the form of "Attorneys' fees and costs of suit, as allowed by the terms of the Agreements, I.C. § 12-120(3), and other applicable laws." Dkt. 1, at 18.

(3) The Agreements that govern this dispute allow for an award of attorneys' fees and costs to the prevailing party. The Bitcoin Loan Agreements provide: "If either party commences legal proceedings to interpret or enforce the terms of this Agreement, the prevailing Party will be entitled to recover court costs and reasonable attorney fees." Dkt. 1-2 at 5, 23, and 35. In turn, the Guarantees provide: "If Lender is required to enforce Guarantor's obligations by legal proceedings, Guarantor shall pay to Lender all costs incurred, including, without limitation, reasonable attorneys' fees." *Id*. at 9, 27, and 39.

(4) On September 5, 2023, the Court granted Default Judgment in favor of Plaintiff and against Defendants "in the amount of $1,199,809.31,

ORDER – 2

comprising $938,967.55 in principal and $260,841.76 in interest." Dkt. 37 37.

(5) The accompanying Findings of Fact, Conclusions of Law, and Order Granting Default Judgment indicates: "The Agreements at issue allow the recovery of attorneys' fees and costs by the prevailing party. For the reasons just stated, Mr. Schueler is the prevailing party." Dkt. 36, at 6. As such, the Order indicates: "As Mr. Schueler is entitled to costs and attorneys' fees in obtaining this Default Judgment, he may submit a Motion for Attorneys' Fees and Costs under District of Idaho Local Civil Rule 54.2(b) within fourteen days of the entry of judgment." Dkt. 36, at 10.

(6) Plaintiff seeks recovery of $17,184.50 in reasonable attorneys' fees and $940.52 in costs pursuant to the Agreements at issue and I.C. § 12-120(3). As indicated above, Plaintiff is the prevailing party in this litigation.

(7) Plaintiff's Counsel in this matter charged $275 per hour for Partner Andrew M. Wagley and $210 per hour for Associate Samir Dizdarevic-Miller. The hourly rates for attorney services charged by Plaintiff's counsel are reasonable in the District of Idaho, Northern Division.

(8) Plaintiff seeks recovery of 58.9 hours incurred by Mr. Wagley and 4.7 hours incurred by Mr. Dizdarevic-Miller. These hours take into account the necessary research and analysis to draft the Complaint, place the Defendants in Default, obtain the Default Judgment, and bring Plaintiff's Motion for Attorneys' Fees.

ORDER – 3

(9) These hours do not include legal work done solely in relation to Defendant Micah Eigler—who was not included in the Default Judgment—and excludes hours that were voluntarily reduced in the itemization based upon Counsel's professional judgment.

(10) The total hours of attorneys' fees sought by Plaintiff is reasonable, particularly when compared to the nearly $1,200,000 Default Judgment obtained.

(11) Plaintiff also seeks $940.52 in recoverable litigation costs pursuant to the Agreements at issue. These costs are those above and beyond what is recoverable in Plaintiff's accompanying Cost Bill. The Court hereby finds that these costs are reasonable and recoverable.

## CONCLUSIONS OF LAW

Based upon the foregoing Findings of Fact, the Court hereby enters the following Conclusions of Law:

(1) Plaintiff is entitled to reasonable attorneys' fees and costs as the prevailing party pursuant to the Agreements at issue herein.

(2) Plaintiff is similarly entitled to attorneys' fees pursuant to I.C. § 12-120(3) as the prevailing party in this litigation. The "gravamen" of this lawsuit is a commercial transaction, to wit, the Agreements at issue.

(3) The Court will use the "lodestar" approach to determine the fee amount. The lodestar amount is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonably hourly rate.

(4) As indicated above, the Court concludes that the rates charged by Plaintiff's Counsel are reasonable based upon multiple factors, including the experience, skill and reputation of the attorney requesting fees, in addition to the market rate in the District of Idaho, Northern Division.

(5) As indicated above, the Court further determines that 63.6 hours were reasonably incurred in this litigation.

(6) As such, the recoverable amounts of attorneys' fees pursuant to the Agreements is as follows:

| Individual | Hours Sought | Hourly Rate | Total |
|---|---|---|---|
| Andrew M. Wagley | 58.9 | $275 | $16,197.50 |
| Samir Dizdarevic-Miller | 4.7 | $210 | $987.00 |
| | | **Grand Total** | **$17,184.50** |

(7) In addition to reasonable attorneys' fees, Plaintiff also seeks $940.52 in recoverable litigation costs. This includes $185.64 in private process server fees, $74.30 in printing / copying costs, $80.58 in mailing expenses, and $600 in expert fees for the opinion of Richard T. Wetmore regarding reasonable commercial litigation rates in Norther Idaho. These costs are reasonable and recoverable pursuant to the Agreements at issue.

## ORDER

Based upon the foregoing Findings of Fact and Conclusions of Law, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

(1) Plaintiff's Motion for Attorneys' Fees and Costs (Dkt. 39) is **GRANTED**.

(2) The Court hereby **AWARDS ATTORNEYS' FEES AND COSTS** in favor of Plaintiff, Cody J. Schueler, and against Defendants Four SquareBiz, LLC and Keith O. Crews (an individual and his associated marital community), jointly and severally, in the amount of $18,125.02, comprised of $17,184.50 in reasonable attorneys' fees and $940.52 in costs.

(3) Plaintiff's recoverable attorneys' fees and costs **SHALL BE ADDED** to the Judgment previously entered in this matter.

(4) Interest **SHALL ACCRUE** on the recoverable attorneys' fees and costs at the rate of twelve percent (12%) simple interest per annum as of the date below.

DATED: October 13, 2023

David C. Nye
Chief U.S. District Court Judge

ORDER – 6